**WO** KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert William Robbins, | ) | No. CV 05-2102-PHX-MHM (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Joseph Arpaio, | ) | |
| Defendant. | ) | |

On July 15, 2005, Plaintiff Robert William Robbins, presently confined in the Maricopa County Durango Jail, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. This action is one of more than six hundred (600) lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant to answer the Complaint.

Plaintiff did not pay the two hundred fifty dollar ($250.00) filing fee but filed with the Complaint a certified Application to Proceed In Forma Pauperis and inmate account statement.

**Application to Proceed In Forma Pauperis and Filing Fee**

Plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two

**TERMPSREF**

1 hundred fifty dollars ($250.00) for this action.

2 An initial partial filing fee of five dollars and twenty cents ($5.20) will be assessed
3 by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the
4 appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and
5 forward it to the Clerk of Court.

6 Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
7 preceding month's income credited to Plaintiff's trust account. The Court will direct the
8 appropriate agency to collect these monthly payments, which will be forwarded to the Clerk
9 of Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the
10 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

11 Plaintiff should take notice that if he is released before the filing fee is paid in full, he
12 must pay the remaining unpaid amount of the filing fee within one hundred twenty (120)
13 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within
14 one hundred twenty (120) days of the date of his release, the action will be dismissed, unless
15 Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing
16 fee.

17 **Statutory Screening and Complaint**

18 The Court is required to screen complaints brought by prisoners seeking relief against
19 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
20 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
21 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
22 may be granted, or that seek monetary relief from a defendant who is immune from such
23 relief. 28 U.S.C. § 1915A(b)(1), (2). The Court also must dismiss a complaint or portion
24 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C. §
25 1997e(a).

26 Maricopa County Sheriff Joseph Arpaio is named as a Defendant to the Complaint.
27 Plaintiff alleges three grounds for relief in the Complaint: 1) food is handled in an unsanitary
28 manner and is frequently spoiled; 2) Durango Jail is severely overcrowded; and 3) conditions

in the Jail are unsanitary. These allegations adequately state a claim, and the Court will require Defendant Arpaio to answer the Complaint.

**Rule 41 Cautionary Notice**

Plaintiff should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of the Court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED** as follows:

(1) Plaintiff's Application to Proceed In Forma Pauperis, filed with the Complaint, is GRANTED;

(2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action. Plaintiff is assessed an initial partial filing fee of five dollars and twenty cents ($5.20). All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith;

(3) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio;

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within twenty (20) days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within one hundred twenty (120) days of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever is later, the action may be dismissed as to Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(6) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use;

(7) The United States Marshal shall notify Defendant of the commencement of this

action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by Defendant within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b) Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court;

(8) **If Defendant agrees to waive service of the Summons and Complaint, Defendant shall return the signed waiver forms to the United States Marshal, not the Plaintiff;**

(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

(10) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a

District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court;

(11) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure;

(12) A clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement will result in the pleading or document being stricken without further notice to Plaintiff; and

(13) This matter is referred to Magistrate Judge David K. Duncan pursuant to Local Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

DATED this 20th day of October, 2005.

_____
Mary H. Murguia
United States District Judge